EXECUTORS OF DOOLITTLE *against* HUNSDEN. *Addison*, 1820.

The report of commissioners, on an insolvent estate, made in favor of the estate, for a balance, on adjustment of *mutual* claims, merges all the original claims, and no action can be sustained, except for the balance.

THIS was an action on note executed, &c. in the life time of the testator, to wit, on the 12th day of December, 1803, for $61, 18. Plea in bar, that on the 3d day of March, 1807, plaintiffs, as executors, represented the estate of said Doolittle insolvent, that commissioners were appointed, that defendant presented a claim against said estate, for allowance, and the executors presented to said commissioners, for allowance and adjustment, the note aforesaid; and the commissioners adjusted these mutual claims, and reported a balance of $38,11, as due to the estate, which report was duly accepted, and remains of record. Demurrer.

Phelps, in support of the demurrer. That the duty of commissioners is to adjust the demands *against* the estate only, that the statute of 1798, 1 vol. p. 164, sec. 3, extends to claims in *favor* of the estate, necessarily involved in the discharge of that duty, but no further than *these* claims are merged in the claims *against* the estate; when there appears a balance in *favor* of the estate, the commissioners have no concern with it, there is an ample remedy in the ordinary courts of justice : The Judge of Probate could make no order upon the balance found due the estate, and the administrator must be left to the usual remedy in the courts of general jurisdiction, as if no proceedings were had before the commissioners, and this remedy is amply sufficient.

That no appeal is allowed, where the balance is in *favor* of the estate : That the only remedy of the executor must be on the original security ; for the commissioners being concerned

only with claims *against* the estate, they have discharged their duty when they have disposed of such claims; they are a court of special jurisdiction, and their authority is not to be extended by implication; and there is no mode pointed out in which to enforce their report in *favor* of an estate.

*Contra*, Holly. That in case of an insolvent estate and mutual claims exhibited to commissioners, the judgment of the commissioners is conclusive on both parties, and merges all the original claims; that the only remedy is on the judgment of the commissioners.

Opinion of the Court. The report of the commissioners appointed on an insolvent estate, made on matters cognizable by them, has all the effects of a judgment.

The effect of a judgment on the rights of the parties, does not depend on the mode of executing that judgment, as an award merges all claims submitted, and is equally conclusive with the judgment of a court of record, though no execution can issue to enforce the award.

By the act of 1798, all mutual claims may be submitted to the commissioners, and they shall adjust the same and report the balance; thus jurisdiction is given to them over such mutual claims, and they must necessarily adjudicate upon all the claims upon *both* sides, and their decision must be conclusive. It cannot be in the power of the administrator or executor to bring an action on the original demand in favor of the estate, and thus try over again the questions decided by the commissioners. If there are numerous claims in favor of the estate, and a small balance found due the estate, which claim shall the administrator sue, and which shall be merged?

The only plain and feasible rule must be, to consider the report of the commissioners as an *adjudication* conclusive upon both parties, and the balance in the nature of a judgment, and to be enforced by action, as an award would be, or as a judgment after one year from its rendition, when action of debt is brought.

*Judgment*, that plea in bar is sufficient.